UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUE WANG,

                Plaintiff,

       v.

PUI SZE CHAN, et al.,

                Defendants.

Case No. 25-cv-00342-NW

**ORDER TO SHOW CAUSE**

Re: ECF No. 57

On November 13, 2025, Jue Wang ("Plaintiff"), a Canada citizen, filed an amended complaint against two Hong Kong citizens, Pui Sze Chan and Hau Yin Mak, and Doe Defendants ("Defendants"). Amended Compl., ECF No. 57. In the jurisdiction and venue section of the amended complaint, Plaintiff cited 28 U.S.C. § 1332(d) as her basis for jurisdiction. Section 1332(d) concerns subject matter jurisdiction *in class actions*. This case is not a putative class action. *Id.*

On November 28, 2025, Defendants moved to dismiss the first amended complaint, arguing that Plaintiff's claims are barred due to a lack of subject matter jurisdiction under the *Barton* Doctrine, the requirement to first seek leave of the bankruptcy court. ECF No. 58. Plaintiff opposed Defendants' motion, arguing that "under the well-established principle of territorial jurisdiction, the court in which the property is located has exclusive jurisdiction to determine interests in that property." ECF No. 61. Defendants filed a reply, maintaining the arguments set forth in their motion to dismiss. ECF No. 63. Yet, neither party has explained how this Court maintains subject matter jurisdiction in this case when all parties are citizens of foreign states, and no U.S. citizen is joined to the suit.

Federal district courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state" or "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(2)-(3). The United States Supreme Court has long held that "the courts of the United States have no jurisdiction of cases between aliens." *Montalet v. Murray*, 8 U.S. 46, 47 (1807); *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 824 n.2 (1969). Section 1332(a) does not confer jurisdiction over suits solely between foreign citizens. *See Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989).

Subject matter jurisdiction, unlike personal jurisdiction, cannot be waived. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The Court has a duty to ensure that it has subject matter jurisdiction at all times throughout the course of litigation. *Gros Ventre Tribe v. United States*, 469 F.3d 801, 815 (9th Cir. 2006). If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

The parties are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. If either party opposes the order to show cause, by no later than **12:00 p.m. on Wednesday, March 25, 2026**, they must file, and serve on the opposing party, an opposition of no more than 4 pages that explains how this Court maintains subject matter jurisdiction in this case in light of the Plaintiff's amended complaint.

A hearing on the order to show cause is set for **Thursday, March 26, 2026, at 10 a.m.** in Courtroom 3, 5th Floor, Federal Courthouse, 280 South First Street, San Jose, California. The parties must appear at the hearing in person; no remote appearances are permitted. The Court may determine that this matter is suitable for disposition without oral argument and vacate the hearing, and if so, will inform the parties accordingly. The Court **VACATES** the hearing on Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 23, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

2