UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUE WANG,

    Plaintiff,

  v.

PUI SZE CHAN, et al.,

    Defendants.

Case No. 25-cv-00342-NW

**DISMISSAL ORDER**

On November 13, 2025, Jue Wang ("Plaintiff"), a Canadian citizen, filed an amended complaint against two Hong Kong citizens, Pui Sze Chan and Hau Yin Mak, and Doe Defendants ("Defendants"). Amended Compl., ECF No. 57. In the jurisdiction and venue section of her amended complaint, Plaintiff cited 28 U.S.C. § 1332(d), the class action provision, as her basis for jurisdiction.

On March 23, 2026, the Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 65. The Court stated that "neither party has explained how this Court maintains subject matter jurisdiction in this case when all parties are citizens of foreign states, and no U.S. citizen is joined to the suit." *Id*. The Court ordered the parties, if they opposed, to file a statement explaining how the Court maintains subject matter jurisdiction in light of Plaintiff's amended complaint. Plaintiff timely filed an opposition to the Order to Show Cause, ECF No. 67, and Defendants timely filed a statement of non-opposition, ECF No. 68. The Court held a hearing on March 26, 2026.

The parties do not dispute that this Court cannot maintain subject matter jurisdiction based on diversity jurisdiction. Plaintiff argues instead that the Court has subject matter jurisdiction due to (a) the "local action doctrine," or (b) pursuant to bankruptcy-related jurisdiction. Plaintiff bears

United States District Court
Northern District of California

the burden of establishing that the Court has subject matter jurisdiction, *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986), and the Court must begin with the presumption that it lacks subject matter jurisdiction unless and until Plaintiff proves otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376 (1994).

First, Plaintiff contends that local actions involving real property should be heard in the forum where the property is located. However, the local action doctrine does not confer subject matter jurisdiction. Instead, "[t]he local action doctrine prohibits a court from exercising subject matter jurisdiction over a case where [the doctrine] applies." *McZeal v. EMC Mortg. Corp.*, No. CV1307220MMMCWX, 2013 WL 12138853, at *2 (C.D. Cal. Nov. 4, 2013) (citing *Columbia River Packers' Association v. McGowan*, 219 F. 365, 377 (9th Cir. 1914)); *Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149, 1153 (C.D. Cal. 2010) ("Given the decision in *McGowan,* courts in this circuit treat the local action doctrine as foreclosing subject matter jurisdiction where it applies."). The cases Plaintiff relies upon confirm this principle. *Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 945 (9th Cir. 2014) (in dispute between Connecticut citizen and Delaware corporation about Connecticut real property, appellate court affirmed the district court's decision to decline to exercise diversity subject matter jurisdiction under the local action doctrine finding that the dispute should be heard in district court in Connecticut); *Fall v. Eastin*, 215 U.S. 1, 12 (1909) (in a case originating as a divorce dispute between two Washington citizens, the U.S. Supreme Court found that the Washington *state* court did not have jurisdiction to convey real property located in Nebraska but did have jurisdiction to compel the parties to act in relation to the property). The local action doctrine is inapplicable here and does not grant this Court jurisdiction.

Second, Plaintiff argues that the Court has subject matter jurisdiction under 28 U.S.C. § 1334(b). Section 1334(b) states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Plaintiff asserts that her "claims are, at minimum, 'related to' the Chapter 15 case filed in this District because they seek damages caused by Defendants' conduct in that proceeding and by their disregard of orders entered there." ECF No. 68 at 3. Plaintiff provides no citations to support her claim that Defendants' alleged actions are "related to" the

2

bankruptcy case. The Court finds it unpersuasive that Plaintiff's claims are "related to" or "arise in" the bankruptcy proceeding because Plaintiff seeks damages from the trustees, which would not affect the estate in the bankruptcy.

If the Court were to find that Plaintiff's claims are "related to" or "arise in" the pending bankruptcy proceeding, Plaintiff would need to re-file her case in the United States Bankruptcy Court for the Northern District. Pursuant to General Order 24, the District Court "refers to the bankruptcy judges of this district all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11." N.D. Cal. Gen. Order 24; *In re Anderson*, 149 B.R. 591, 594 (B.A.P. 9th Cir. 1992) ("[D]istrict courts refer all title 11 proceedings to the bankruptcy judges in their district. *See* 28 U.S.C. § 157(a). We recognize that all of the district courts in the ninth circuit, including Alaska, have referred title 11 proceedings to the bankruptcy judges.").

Plaintiff has not established an alternate basis for the Court's jurisdiction under the local action doctrine or Section 1334(b). The Court finds that it lacks subject matter jurisdiction over Plaintiff's action and accordingly dismisses the case without prejudice. Fed. R. Civ. P. 12(h)(3); *Gros Ventre Tribe v. United States*, 469 F.3d 801, 815 (9th Cir. 2006) (courts have a duty to ensure that subject matter jurisdiction exists at all times throughout the course of litigation).

Nothing in this Order prevents Plaintiff from pursuing her state law claims in state court or bankruptcy court, if applicable.

**IT IS SO ORDERED.**

Dated: March 26, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

3